UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TYQUAN STEWART, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:16 CV 138 |
| STATE OF INDIANA, *et al.* | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Tyquan Stewart, a *pro se* plaintiff, has filed an amended complaint (DE # 3) seeking relief under 42 U.S.C. § 1983 along with a Motion for Leave to Proceed *In Forma Pauperis* (DE # 2). Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a

claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Plaintiff names five defendants in his suit alleging a violation of his civil rights. (DE # 3 at 2.) Plaintiff's first claim is against the State of Indiana for discrimination and alleged improprieties involving plaintiff's criminal case. (*Id.*) The Eleventh Amendment, precludes a citizen from suing a state in federal court without the state's consent, therefore this claim is barred. *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). Plaintiff's second claim is against Westville State Prison, where he alleges he was punished by being forced to throw away his food, despite the fact that he is diabetic. (DE # 3 at 2.) Westville, as an institution, is a state agency and as such, this claim is also barred by the Eleventh Amendment. *Wynn,* 251 F.3d at 592. However, plaintiff will be afforded the opportunity to file an amended complaint as to these claims against any individual officers who may be liable. *Donald v. Cook Cty Sheriff's Dept.,* 95 F.3d 548, 555 (7th Cir 1996) ("when the substance of a *pro se* civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of

the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint.")

Plaintiff's third claim is against the Allen County Jail for mistreatment while he was in custody. (DE # 3 at 3.) Plaintiff does not sue any individual officers but only the jail itself. In the absence of any alleged individual capacity violations, plaintiff must allege that an official policy or custom of the jail caused deprivation of constitutional rights. *Monell v. Dep't of Soc. Svcs. of the City of New York,* 436 U.S. 658 (1978). The complaint contains details of plaintiff's alleged mistreatment, but fails to tie them to an official policy or custom on the part of the Allen County Jail. Without such allegations, or claims against individual officers, the complaint fails to state a claim. Here again, plaintiff will be given the opportunity to file an amended complaint that addresses these deficiencies.

Plaintiff's fourth claim is against Parkview Behavior Hospital ("Parkview") for malpractice in that they failed to admit him during a psychotic episode, after which point he proceeded to harm himself. (DE # 3 at 3.) To state a claim under § 1983, plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). As the United States Supreme Court has defined it, "acting under color of [state] law" entails the "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961)

(citations omitted). None of the allegations against Parkview suggest a violation of constitutionally or federally protected rights. Nor is there any allegation that Parkview was acting under color of state law. Therefore, the complaint fails to state a claim against Parkview.

Finally, plaintiff brings a claim for discrimination against the Social Security Administration ("SSA") in that they denied his claim for benefits in 2009. (DE # 3 at 3.) A suit against the SSA, a federal agency, would ordinarily be barred absent a waiver of sovereign immunity. By statute, judicial review of SSA determinations may occur only "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see also Jimenez v. Weinberger,* 523 F.2d 689, 702 (7th Cir. 1975) (§ 405(g) operates as a waiver of sovereign immunity). The commissioner's "final decision" includes two separate elements: (1) "a nonwaivable requirement that a claim for benefits must be presented to the Secretary"; and (2) "a waivable requirement of exhaustion of administrative remedies." *Sulie v. Schweiker,* 730 F.2d 1069, 1070-71 (7th Cir. 1984). The exhaustion requirement can be excused when the claimant presents a colorable constitutional challenge. *McDonald v. Astrue,* 465 Fed. App'x 554, 556 (7th Cir. 2012). Nothing in the complaint suggests that plaintiff has exhausted the administrative remedies of the SSA. Moreover, he does not appear to raise any constitutional challenge. Therefore the requirements of § 405(g) have not been met, and this claim will be dismissed as well.

For the foregoing reasons, plaintiff's complaint will be dismissed for failing to

4

state a claim upon which relief can be granted unless plaintiff **SHOWS CAUSE** by July 15, 2016 why this action should not be dismissed. *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).

**SO ORDERED.**

Date: June 7, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT