UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TYQUAN STEWART,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16 CV 138 |
| | ) |
| **STATE OF INDIANA,** *et al.* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Tyquan Stewart, a *pro se* plaintiff, seeks leave to proceed *in forma pauperis* (DE # 2). The court previously screened his first amended complaint (DE # 3) pursuant to 28 U.S.C. § 1915(e)(2)(B), and ordered him to show cause why his case should not be dismissed. (DE # 4.) In response, plaintiff has submitted a second amended complaint consisting of four 42 U.S.C. § 1983 form complaints against various parties. (DE # 5.) Plaintiff has supplemented his second amended complaint by adding a fifth § 1983 form complaint. (DE # 7.) The court will address the sufficiency of each form complaint in turn.

The first form complaint brings claims against defendants Parkview Behavioral Hospital ("Parkview") and Kisha Houston. (DE # 5 at 1-5.) Plaintiff alleges that defendants violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), by refusing to admit him for screening or stabilization when he was in the midst of a mental health emergency. (*Id.*) He states that he arrived at Parkview and informed defendant Houston of his condition and that he was a danger

to himself. (*Id.* at 2-3.) He alleges that Houston refused to admit him and instructed him to leave and go elsewhere. (*Id.*) Upon being turned away, plaintiff alleges that he attempted suicide by driving his car into a building. (*Id.*)

EMTALA was enacted to address the problem of "patient dumping" where hospitals transferred indigent patients from one hospital to the next while their emergency medical conditions worsened. *Curry v. Advocate Bethany Hosp.* 204 Fed. App'x 553, 556 (7th Cir. 2006) (citing *Johnson v. Univ. of Chi. Hosps.,* 982 F.2d 230, 233 n. 7 (7th Cir. 1993); *Harry v. Marchant*, 291 F.3d 767, 770 (11th Cir. 2002)). "EMTALA requires hospitals receiving federal funds to screen for an emergency medical condition any patient who comes to the hospital; if an emergency condition exists, the patient may not be transferred to another hospital or discharged until he or she has received stabilizing treatment."*Curry,* 204 Fed App'x at 556. An acute psychiatric condition can qualify as an "emergency medical condition" under EMTALA. *See Thomas v. Christ Hosp. and Medical Center*, 328 F.3d 890, 893-94 (7th Cir. 2003) ("Once an emergency medical condition is detected, the hospital must act to stabilize the condition--whether physical or psychiatric--before the patient can be transferred or released"). Plaintiff's complaint sufficiently states a claim under EMTALA and he will be allowed to proceed on this claim.

Plaintiff's second form complaint (*Id.* at 6-10) raises claims against the Allen County Jail and four unknown correctional officers. Plaintiff alleges violations of his Eighth Amendment rights while he was in custody between May 31, 2014 and August

2

6, 2014. (*Id* at 7-8.) He makes two specific allegations. First he alleges that on June 3, 2014, he was confined in a cell without access to water or bathroom facilities for a three-and-a-half-hour period. (*Id.* at 7.) He states that he was left with no choice but to urinate on the floor and was subsequently punished for having done so. (*Id.*) Next he alleges that between the dates of June 5, 2014 and August 6, 2014, and unknown officer gave him "old" food. (*Id.* at 8.) He states that he reported this to another officer who in turn replaced the food for him. (*Id.*)

It is not clear from plaintiff's complaint whether he was serving a sentence or was being held in the Allen County Jail as a pretrial detainee. If plaintiff was a pretrial detainee his claims arise under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment, which is applicable to convicted prisoners *Kingsley v. Hendrickson,* -- U.S. –, 135 S.Ct. 2466, 2475, 192 L.Ed.2d 416 (2015). In either case, the Eighth Amendment can guide the court's analysis of his complaint. *Smith v. Dart,* 803 F.3d 304, 309 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005) ("we have found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and the Eighth Amendment (convicted prisoners) without differentiation") (internal quotation marks omitted). Conditions of confinement that deprive inmates of basic human needs such as food, medical care, sanitation and physical safety may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In either case, the alleged condition must be sufficiently serious enough to

amount to a constitutional deprivation. *Dart,* 803 F.3d at 309; *Farnham*, 394 F.3d at 478.

The conditions that plaintiff complains of do not amount to an Eighth Amendment violation. Plaintiff's lack of access to a bathroom for only a few hours is not sufficiently serious to rise to a constitutional deprivation. *See, e.g., Clark v. Spey,* No. 01-C-9669, 2002 WL 31133198 at * 2-3 (N.D. Ill. Sept 26, 2002) (inmate held overnight in cold cell with no toilet did not state a claim); *Ledbetter v. City of Topeka, Kansas,* (318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours without access to a toilet did not state a claim); *cf., Phelps v. Godinez,* No. 15-CV-073-SMY, 2015 WL 681007 at *4 (S.D. Ill. Feb. 17, 2015) (denying bathroom access to a wheelchair-bound inmate who lacked bladder control, and forcing him to sit in his urine soaked-clothes for two hours suggested an Eighth Amendment violation) (citing *Thomas v. Illinois,* 697 F.3d 612, 614-15 (7th Cir. 2012)). Furthermore, whatever plaintiff's complaints were regarding the food, they were apparently remedied when he notified the staff. Plaintiff's claims against the Allen County Jail and the unknown correctional officers are dismissed.

Plaintiff's third form complaint (DE # 5 at 11-15) raises claims against Westville State Prison and unknown correctional officers. Plaintiff raises claims regarding three separate incidents surrounding his meals. On one occasion between February 23, 2015 and March 31, 2015, he was forced to throw away his food despite the fact that he is diabetic. (*Id.* at 12.) On another, between May 12, 2015 and July 30, 2015, he "was not allowed to go to chow and eat." (*Id.*) On a third occasion around the same time, an unknown officer attempted to force him to throw away his food. (*Id.*)

4

As discussed *supra*, adequate access to food and other necessities are guaranteed by the Eighth Amendment. However, the length, duration and consequences of any such incidents are relevant in assessing whether the deprivation of food violates the Eighth Amendment. *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999); *Knox v. Wainscott*, No. 03-C-1429, 2003 WL 21148973 at * 8 (N.D. Ill. May 14, 2003) ("While systemic malnourishment of a prisoner would constitute cruel and unusual punishment, the occasional missed meal does not"). At most, plaintiff was deprived of food just twice over a period of months and does not allege that he suffered any consequences from this deprivation. As such he has failed to allege a violation of his Eighth Amendment rights. Therefore his claims against Westville State Prison and the unknown correctional officers are dismissed.

Plaintiff's fourth form complaint raises claims against the Social Security Administration ("SSA") and an unknown employee. (DE # 5 at 16-20.) Plaintiff's claims stem from the fact that he believes that his 2009 claim for disability benefits was wrongfully denied. (*Id.* at 18-19.) The court already explained in its prior order, that it lacks authority to review SSA determinations decisions unless plaintiff can satisfy the requirements of 42 U.S.C. § 405(g). (DE # 4 at 4.) Plaintiff has failed to make any such showing. Therefore his claims against the SSA and an unknown employee are dismissed.

Plaintiff's final form complaint comes via an addendum to his complaint (DE # 7), and raises claims against the State of Indiana and an unknown employee. In

5

his complaint he alleges that he was denied the right to a fair trial because there was "negligence in improprieties involving his criminal case." (*Id.* at 2.) In support of his claims, plaintiff points to alleged discrepancies in the "discovery" of his criminal case. (*Id.*)

By bringing these claims against the State of Indiana, plaintiff presumably intends to sue the Prosecuting Attorney who prosecuted his criminal case. However, prosecutors enjoy absolute immunity for all actions and decisions undertaken in furtherance of their prosecutorial duties. *Fields v. Wharrie,* 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). Furthermore, to the extent that the denial of plaintiff's right to a fair trial resulted in a conviction, his claims would run squarely into the bar of *Heck v. Humphrey* which prohibits collateral attacks on a criminal conviction. 512 U.S. 477 (1994). For these reasons, plaintiff's claims against the State of Indiana and an unknown employee are dismissed.

For the foregoing reasons, the court finds that plaintiff's second amended complaint states a claim against defendants Parkview and Houston. All other defendants and all other claims are **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(B). However, because plaintiff has not submitted two summons forms and one USM-285 for each of the remaining defendants, plaintiff's motion for leave to proceed *in forma pauperis* (DE # 2), is **TAKEN UNDER ADVISEMENT**. The court: **DIRECTS** the clerk to send plaintiff four blank summons forms and two blank USM-285's; **GRANTS** Tyquan Stewart to and including August 16, 2016, to return these properly completed forms for

6

Parkview and Houston; and **CAUTIONS** Tyquan Stewart that if he does not do so by that deadline, this case will be dismissed without prejudice and without further notice pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Date: August 2, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT