UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:16-cv-00138-SLC |
| | ) |
| ALLEN COUNTY JAIL, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

On April 2, 2018, the undersigned Magistrate Judge conducted a settlement conference with the parties (DE 58), during which the parties reached a resolution of this matter and executed a written Settlement Agreement (DE 62-1). Now before the Court is a motion for rescission (DE 59), together with a supporting memorandum (DE 60) and a letter (DE 61), filed by Plaintiff Tyquan Stewart; although Stewart is represented by counsel in this matter, Stewart filed the motion, memorandum, and letter *pro se*. After Stewart sought rescission, Defendants Parkview Hospital, Inc., and Lakisha Houston (together, "Parkview"), filed a motion to enforce the Settlement Agreement (DE 62). Stewart filed a response (DE 63) to the motion to enforce *pro se*; Parkview has not filed a reply brief, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(B).

On May 10, 2018, Chief Judge Theresa L. Springmann entered an Order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), referring this case to me to prepare a report and recommendation. (DE 64). Having now reviewed the motions and supporting materials, I recommend that Parkview's motion to enforce the Settlement Agreement be GRANTED and that Stewart's motion for

rescission of the Settlement Agreement be DENIED.

### A. Factual and Procedural Background

On April 29, 2016, Stewart, who was proceeding *pro se* at the time, filed this case against Parkview and various other Defendants, alleging claims of medical malpractice, discrimination, and cruel and unusual punishment. (DE 1). As to Parkview, Stewart alleged that it committed medical malpractice by refusing him treatment at Parkview's Behavioral Health Hospital, immediately after which he crashed his car in an attempt to commit suicide. (DE 1). Stewart amended his complaint twice. (DE 3; DE 5). After the Court screened Stewart's second amended complaint in connection with his application to proceed *in forma pauperis*, only Stewart's claims against Parkview remained. (DE 8).

On October 27, 2016, Attorneys Christopher C. Myers and David W. Frank filed an appearance on Stewart's behalf. (DE 22; DE 23). A month later, Stewart, through counsel, filed a third amended complaint, alleging, among other things, that Parkview violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, by refusing him emergency treatment. (DE 28 ¶¶ 3, 9-14).

I conducted a preliminary pretrial conference with the parties on December 1, 2016, at which a discovery deadline of July 7, 2017, was established. (AR 33). Parkview filed a motion for summary judgment on August 25, 2017 (DE 43), which was granted in part and denied in part by Chief Judge Springmann on October 20, 2017 (DE 49); Stewart's EMTALA and negligence claims against Parkview survived (DE 49 at 11). A trial date of June 18, 2018, was then set. (DE 51).

On December, 8, 2017, the parties filed a joint motion for a judicial settlement

2

conference. (DE 53). On April 2, 2018, I conducted a settlement conference with the parties, at which Stewart; David Frank, Stewart's counsel; David Stack, in-house counsel for Parkview, and Mark Baeverstad, outside counsel to Parkview, all appeared in person. (DE 58). At the conference, which lasted for more than four hours, the parties reached a resolution of the case and executed a one-page, handwritten Settlement Agreement. (DE 58; DE 62-1). The Settlement Agreement reads:

> Tyquan Stewart and Parkview Hospital, Inc agree to settle all claims arising out of the incident of December 20, 2015 by payment in the amount of $23,000.00 (Twenty Three Thousand) to Tyquan Stewart and his attorney.
> Tyquan Stewart agrees to dismiss, with prejudice, the lawsuit pending in the United States District Court, Cause No. 1:16-CV-00138-JTM-SLC. Parkview Hospital, Inc will prepare and present to Tyquan Stewart and his attorney a release of all claims against Parkview Hospital, Inc and Lakisha Houston, which Tyquan will execute.

(DE 62-1). The Settlement Agreement was signed by Stack, as Director of Risk Management, and Stewart. (DE 62-1). At the end of the conference, the Court went on the record and asked Attorney Frank whether the Settlement Agreement reflected the parties' intentions, and Attorney Frank responded affirmatively. The Court then asked Stewart whether he agreed with the Settlement Agreement, to which Stewart responded: "Yes, yes, Ma'am." The Court then asked Parkview whether they were in agreement with the terms of the Settlement Agreement, and they, too, responded affirmatively. I instructed the parties to finalize and file the dismissal papers by May 3, 2018. (DE 58).

Nine days later, on April 11, 2018, Stewart filed the instant motion for rescission *pro se*, together with a supporting memorandum, contending that his counsel misled and deceived him into settling this case at the settlement conference. (DE 59; DE 60). On April 16, 2018, Stewart

3

filed a letter seeking the same relief. (DE 61). On April 17, 2018, Parkview responded by filing the instant motion to enforce the Settlement Agreement (DE 62), and Stewart filed a response to that motion *pro se* on April 25, 2018 (DE 63). The motions are now ripe for ruling.

### B. Applicable Legal Standard

An agreement to settle claims in a federal court is enforceable "just like any other contract." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). Local contract law governs issues regarding the formation, construction, and enforceability of a settlement agreement. *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000). Under Indiana law, which governs here, an agreement to settle a lawsuit is generally enforceable. *Zimmerman v. McColley*, 826 N.E.2d 71, 76-80 (Ind. Ct. App. 2005). As "[s]ettlement agreements are governed by the same general principles of contract law as any other agreement," they require "[a]n offer, acceptance, [and] consideration." *Id*. at 76. "It is established that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id*. (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)).

Agreements to settle are "enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454 (7th Cir. 1986) (internal quotations omitted) (applying Indiana law); *see Whittington v. Trs. of Purdue Univ.*, No. 2:09 cv 9, 2011 WL 1336514, at *2 (N.D. Ind. Apr. 5, 2011) ("The parties must knowingly and voluntarily enter into the agreement either personally or by providing their attorneys with authority to settle." (citation omitted)). Once an agreement is reached, "[a] party to a settlement cannot avoid the agreement merely

4

because he subsequently believes the settlement insufficient . . . ." *Glass*, 788 F.2d at 454 (citation omitted).  A party who has previously authorized a settlement remains bound by its terms even if he changes his mind.  *Id.* at 454-55.

### C.  Discussion

Stewart does not dispute that he understood and expressly agreed to the terms of the Settlement Agreement at the settlement conference.  Rather, Stewart seeks to rescind the Settlement Agreement on the grounds that his counsel allegedly misled and deceived him into settling this case at the settlement conference.  Specifically, Stewart contends that his counsel: (1) mistakenly told him that he needed an expert witness to prove his damages; and (2) failed to tell him that the maximum penalty under EMTALA had increased from $50,000 to more than $100,000.  Stewart asserts that had he known this information, he would not have settled for the $23,000 that he did.

But even if Stewart did enter into the Settlement Agreement based on mistaken information (and to be clear, I am not saying that Stewart's attorney provided him with any erroneous information), any mistake made was that of Stewart alone.  *McWaters v. Parker*, No. H91-76, 1992 WL 487333, at *7 (N.D. Ind. Apr. 8, 1992).  A party's unilateral mistake is not grounds upon which to rescind an agreement under Indiana law.  *See Carlson v. Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos*, 895 N.E.2d 1191, 1199 (Ind. 2008) (collecting cases).  To elaborate, under Indiana law, "[a] contract generally may not be avoided for unilateral mistake unless the mistake was induced by the misrepresentation *of the opposite party*."  *Ball v. Versar, Inc.*, 454 F. Supp. 2d 783, 807 (S.D. Ind. 2006) (emphasis added) (quoting *Mid-States Gen. & Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425,

5

435 (Ind. Ct. App. 2004)).

      Here, Stewart does not allege any mistake or misrepresentation by Parkview or its counsel. Rather, Stewart claims that his entering into the Settlement Agreement was the product of a misrepresentation by his own attorney. But Stewart's receiving erroneous advice from his own counsel, even if that were the case, is not grounds upon which to vacate the Settlement Agreement. *See, e.g*, *Qiang Wang v. Palo Alto Networks, Inc.*, 686 F. App'x 890, 894-95 (Fed. Cir. 2017) (refusing plaintiff's motion to vacate a settlement agreement where the motion was based on plaintiff's receipt of purported erroneous legal advice from his own attorney); *see also Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101-02 (9th Cir. 2006) ("[P]arties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. . . . A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney.").

      Moreover, that Stewart now feels unhappy about the settlement is "neither here nor there." *Allen v. Dana*, No. 1:10-cv-281 PPS-RBC, 2011 WL 3163232, at *2 (N.D. Ind. July 26, 2011) (collecting cases). Once the Settlement Agreement was entered into on April 2, 2018, Stewart cannot avoid it simply because he later decided that the settlement amount was insufficient. *See Glass*, 788 F.2d 454. Stewart authorized Attorney Frank to settle, and as such, Stewart remains bound by the terms of the Settlement Agreement even if he has since had a change of heart. *See id.* at 454-55.

      Because the parties entered into an enforceable Settlement Agreement on April 2, 2018, Stewart's later regrets are irrelevant and do not affect the validity and enforceability of the Agreement. Therefore, I will recommend that Parkview's motion to enforce the Settlement

6

Agreement be granted, and that Stewart's motion for rescission of the Settlement Agreement be denied.

### D.  Conclusion

For the foregoing reasons, I recommend that Parkview's motion to enforce the Settlement Agreement (DE 62) be GRANTED, and that Stewart's motion for rescission of the Settlement Agreement (DE 59) be DENIED.  The Clerk is directed to send a copy of this Report and Recommendation to Stewart, to Stewart's counsel, and to Parkview's counsel.  NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations.  Fed. R. Civ. P. 72(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 29th day of May 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

7