UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TYQUAN STEART, | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-138-TLS |
| | ) | |
| ALLEN COUNTY JAIL, *et al.* | ) | |

**ORDER**

On April 2, 2018, Plaintiff Tyquan Stewart entered into a settlement agreement with Defendants Parkview Hospital, Inc., and Lakisha Houston after a settlement conference with Magistrate Judge Susan L. Collins. (*See* ECF No. 58.) The Plaintiff filed a pro se Motion for Rescission [ECF No. 59] on April 11, 2018. The Plaintiff also filed a Letter [ECF No. 61] to the Court requesting the same relief on April 16, 2018. Instead of filing a formal response to the Plaintiff's Motion, the Defendants filed a Motion to Enforce [ECF No. 62] the settlement agreement on April 17, 2018. The Plaintiff filed a pro se[1] Opposition [ECF No. 63] to the Defendants' Motion on April 25, 2018.

The Court referred [ECF No. 64] the Motions to Magistrate Judge Susan L. Collins on May 10, 2018, to conduct any necessary hearings and to issue a report and recommendation that included proposed findings of fact and recommendations for the disposition of the Motions. On May 29, 2018, the Magistrate Judge issued a Report and Recommendation [ECF No. 68], recommending that the Court deny the Plaintiff's Motion for Rescission and grant the Defendants' Motion to Enforce the settlement agreement.

---

[1] Due to the Plaintiff's continued representation, the Court would have been on sound footing to strike the Plaintiff's pro se Motion as well as his opposition to the Magistrate Judge's Report and Recommendation.

Pursuant to the Federal Magistrate's Act, Title 28 U.S.C. § 636(b)(1)(A)–(C), a Magistrate Judge does not have authority to issue a final order on these pending Motions. Instead, the Magistrate Judge submits proposed findings of fact and recommendations to the district court. *See United States v. Sabo*, No. 1:10-CR-21, 2010 WL 4628242, at *1 (N.D. Ind. Nov. 8, 2010). If a party files a timely objection to the Magistrate Judge's report and recommendation, § 636(b)(1) provides that a district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The Court may accept, reject, and/or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The Court also may receive further evidence or recommit the matter to the Magistrate Judge with instructions.

On May 31, 2018, the Plaintiff filed his objections [ECF No. 69] to the Magistrate Judge's Report and Recommendation.[2]

The Plaintiff does not appear to object to the Magistrate Judge's findings of fact, which are as follows: After the appearance of counsel on his behalf, the Plaintiff filed a third amended complaint, alleging, among other things, that the Defendants violated the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, by refusing him emergency treatment. On April 2, 2018, the Magistrate Judge conducted a settlement conference with the parties, during which the parties reached a resolution of this matter and executed a written settlement agreement. Counsel for the Plaintiff, David Frank; in-house counsel for Defendant Parkview, David Stack; outside counsel to the Defendants, Mark Baeverstad; and the Plaintiff all appeared in person at the conference, which lasted for four hours. After reaching a resolution, the parties executed a one-page, handwritten settlement agreement, signed by Attorney Stack, as

---

[2] The time for filing objections has now passed, and counsel of record has not entered any objections on the Plaintiff's behalf.

Director of Risk Management for Parkview, and the Plaintiff. (*See* ECF No. 62-1.) After the conference, the Magistrate Judge went on the record and asked each party, as well as counsel for the Plaintiff, in turn whether the settlement agreement reflected the parties' intentions. Each party, as well as counsel for the Plaintiff, responded affirmatively. As there does not appear to be any objection to this factual recitation from either party, the Court adopts the Magistrate Judge's findings of fact regarding the parties' Motions.

The Plaintiff does, however, object to the Magistrate Judge's legal conclusions, and the Court must review those conclusions de novo. The Court finds that the Magistrate Judge set forth the appropriate legal standard for resolving the parties' Motions. A settlement agreement in a federal case is "just like any other contract." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). Therefore, Indiana law governs, and under Indiana law, an agreement to settle a lawsuit is generally enforceable. *See Zimmerman v. McColley*, 826 N.E.2d 71, 76–79 (Ind. Ct. App. 2005). "It is established that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.* at 76 (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)).

Settlement agreements are "enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454 (7th Cir. 1986) (internal quotations omitted) (applying Indiana law). Once the parties come to an agreement, none can "avoid the agreement merely because he subsequently believes the settlement insufficient . . . ." *Id.* That is, once a party has authorized a settlement agreement, he is bound to its terms even if he later changes his mind. *Id.* at 454–55.

The Plaintiff's grounds for rescinding the settlement agreement are that his counsel (1) mistakenly told him that he needed an expert witness to prove his damages, and (2) failed to tell him that the maximum penalty under the EMTALA had increased from $50,000 to more than $100,000. The Plaintiff asserts that if he had known this information, he would not have agreed to a settlement amount of $23,000. The Plaintiff's assertions amount to an argument that the settlement agreement is not enforceable based on his unilateral mistake. However, unilateral mistake is not sufficient grounds on which to rescind an agreement under Indiana law. *See Carlson v. Sweeney Dabagia, Donoghue, Thorne, Janes & Pagos*, 895 N.E.2d 1191, 1199 (Ind. 2008) (collecting cases). More specifically, "[a] contract generally may not be avoided for unilateral mistake unless the mistake was induced by the misrepresentation *of the opposite party*." *Ball v. Versar, Inc.*, 454 F. Supp. 2d 783, 807 (S.D. Ind. 2006) (emphasis added) (quoting *Mid-States Gen. Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 435 (Ind. Ct. App. 2004)).

The Plaintiff did not allege any misrepresentation by an opposing party, but rather claimed that it was misrepresentations of his own counsel that caused him to enter into the settlement agreement. But, courts have held that misrepresentation of one's own counsel are insufficient to void a settlement agreement. *See, e.g.*, *Qiang Wang v. Palo Alto Networks, Inc.*, 686 F. App'x 890, 894–95 (Fed. Cir. 2017) (refusing to vacate settlement agreement where the plaintiff claimed it was based on erroneous legal advice); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101–02 (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney.").

Therefore, the Court agrees with the Magistrate Judge's conclusion that the Plaintiff entered into an enforceable settlement agreement, and his later change of heart and arguments

regarding alleged erroneous advice from his counsel do not affect the settlement agreement's validity or enforceability. Any matters the Plaintiff wishes to pursue as it relates to the sufficiency of his legal representation are not properly before this Court and are best addressed, if at all, by separate litigation.

It is worth noting that the Plaintiff does not appear to object to the Magistrate Judge's conclusion that his assertions of unilateral mistake based on alleged misrepresentations of his counsel is insufficient to void the settlement agreement. Instead, he objects to the Magistrate Judge's conclusion based on assertions of duress, coercion, and fraud on the part of the Defendants during the settlement conference. But the Plaintiff did not make any of these arguments in his original Motion. In the Seventh Circuit, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (citation omitted); *see also United States v. Moore*, 375 F.3d 580, 584 n.2 (7th Cir. 2004) (noting that "the district court did not even pass on this question because [the defendant] failed to make this argument to the magistrate judge"); *Felice v. Republic Airlines, Inc.*, No. 4:09-CV-71, 2012 WL 162559, at *3 (N.D. Ind. Jan. 17, 2012) (finding that "[c]ourts routinely have held that arguments not raised before a magistrate judge and instead raised for the first time in an objection before the district judge are waived" (collecting cases)); *Maxwell v. South Bend Work Release Ctr.*, No. 3:09-CV-8, 2010 WL 4318800, at *2 (N.D. Ind. Oct. 25, 2010) (terming the plaintiff's argument a "non-starter because [the plaintiff] raise[d] it for the first time in his objection"). Therefore, the Plaintiff has waived these arguments by failing to make them in his original Motion, and the Court will not consider them.

Accordingly, the Court adopts, in full, the Magistrate Judge's analysis of the law that is applicable to the instant Motions, and the conclusion that the Plaintiff entered into an enforceable

settlement agreement. The Court further adopts the Magistrate Judge's conclusions that the Plaintiff's assertions of unilateral mistake based on alleged erroneous advice from his counsel are insufficient to void the settlement agreement.

## CONCLUSION

As detailed above, the Court ADOPTS the Magistrate Judge's Report and Recommendation [ECF No. 68], DENIES the Plaintiff's Motion for Rescission [ECF No. 59], and GRANTS the Defendants' Motion for Enforcement [ECF No. 62]. The parties are DIRECTED to file dismissal papers no later than thirty (30) days from the date of this Order.

SO ORDERED on July 3, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT